**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0611n.06

No. 11-1461

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jun 13, 2012*
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| DONALD D. RIFE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: BOGGS and COLE, Circuit Judges; OLIVER, Chief District Judge.[*]

PER CURIAM. Donald D. Rife appeals the district court's order affirming the denial of his

application for social-security disability-insurance benefits. *See* 42 U.S.C. § 405(g). For the reasons

set forth below, we vacate the district court's order and remand for further proceedings.

On January 2, 2003, Rife filed his benefits application, claiming a disabling condition

beginning on July 10, 1996. Rife, who worked as a builder, injured his back while lifting a plank.

The Social Security Administration denied Rife's application, and he requested a hearing before an

administrative law judge (ALJ). In 2005, an ALJ conducted a hearing and issued an unfavorable

decision. The Appeals Council subsequently remanded the case for a new hearing. In 2007, a

different ALJ conducted a hearing and issued another unfavorable decision. Applying the five-step

disability analysis, *see* 20 C.F.R. § 404.1520(a)(4), the ALJ found that Rife did not engage in

---

[*]The Honorable Solomon Oliver, Jr., Chief United States District Judge for the Northern
District of Ohio, sitting by designation.

substantial gainful activity during the period at issue; that his degenerative disc disease and degenerative joint disease constituted severe impairments, but did not meet or equal a listed impairment; and that he could not perform his past relevant work, but could perform a significant number of other jobs, considering his age, education, work experience, and residual functional capacity. Accordingly, the ALJ concluded that Rife was not disabled prior to the expiration of his insured status for disability benefits on December 31, 2001. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Rife's request for review.

Rife brought this action seeking review of the ALJ's decision. Rife moved to remand the case for further proceedings, while the Commissioner moved for summary judgment. A magistrate judge recommended that Rife's motion be denied and that the Commissioner's motion be granted, asserting that substantial evidence supported the Commissioner's determination that Rife was not disabled. Over Rife's objections, the district court adopted the magistrate judge's report and recommendation.

In this timely appeal, Rife argues that the ALJ failed to give good reasons for not giving weight to the opinion of Dr. Hall, his treating physician. Under the treating physician rule, the ALJ must give controlling weight to a treating source's opinion if that opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." 20 C.F.R. § 404.1527(c)(2). If the ALJ declines to give the treating source's opinion controlling weight, the ALJ must apply the following factors in determining what weight to give the opinion: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R.

§ 404.1527(c)(2)).  The agency's regulation mandates: "We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." 20 C.F.R. § 404.1527(c)(2).  Those "good reasons" must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."  Policy Interpretation Ruling, Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions, SSR 96-2, p, 1996 WL 374188, at *5 (July 2, 1996).  We will reverse and remand "where the ALJ fails to give good reasons on the record for according less than controlling weight to treating sources." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009).

The ALJ's decision referred to Dr. Hall's opinion in one sentence: "In Dr. Voelpel's[1] opinion, the restrictions identified by Dr. Hall (the treating family physician) are not supported by objective evidence."[2]  The ALJ failed to identify Dr. Hall's restrictions or provide her own evaluation of those restrictions.  Without any indication of what weight, if any, the ALJ ascribed to Dr. Hall's opinion or the reasons for that disregarding Dr. Hall's restrictions, we are unable to conduct a meaningful review of the ALJ's application of the treating-physician rule.  *See Wilson*, 278 F.3d at 544.

Accordingly, we VACATE the district court's order and REMAND the case for further proceedings consistent with this opinion.

---

[1]Dr. Voelpel was the medical expert who reviewed Rife's medical records and testified at the hearing.

[2]The ALJ's seven-page decision made only one other reference to Dr. Hall: "Dr. Hall noted in February 2000 that medication (Percocet) kept the claimant 'comfortable and functional.'"